UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-68-GWU

BRENDA HENSLEY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Brenda Hensley brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-68  Brenda Hensley

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

08-68 Brenda Hensley

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

3

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

08-68 Brenda Hensley

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

6

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hensley, a 38-year-old woman with a high school equivalent education and no past relevant work history, suffered from impairments related to degenerative disc disease at L4-L5 and L5-S1, thoracic spine anterior spurring of T8, T9 and T10, cervical spine degenerative disc disease (being status post cervical fusion C4 through C6), obesity, a major depressive disorder, and a pain disorder.  (Tr. 23, 31).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 27).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 32).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of SSI.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Joyce Forrest included an exertional limitation to light level work, restricted from a full range by

such non-exertional limitations as (1) an inability to stand or walk for more than six hours a day and sit for more than six hours a day; (2) an inability to ever perform repetitive pushing/pulling or using foot controls of the lower extremities; (3) an inability to more than occasionally climb, stoop, kneel, or crouch; (4) an inability to perform sustained work activity above head level; (5) an inability to ever crawl; (6) an inability to perform continuous uninterrupted flexion or extension of the head from side to side; (7) a need to avoid exposure to full body vibrations and the use of vibratory equipment and vehicles; (8) a need to avoid exposure to unprotected heights and dangerous machinery; (9) a "mildly" limited ability to understand, remember and carry out simple instructions, to make judgments on simple work-related decisions, understand or remember complex instructions and interact appropriately with the general public, co-workers and supervisors; and (10) a "moderate" limitation of ability to carry out complex instructions or make judgments on complex work-related decisions and respond appropriately to usual work situations or changes in a routine work setting. (Tr. 722-723). In response, the witness cited a significant number of jobs which could still be performed. (Tr. 724). The ALJ relied upon this testimony to support the denial decision.

The hypothetical question did not fairly characterize Hensley's mental status. In evaluating the plaintiff's mental condition, the ALJ purported to rely upon the opinion of Psychologist Greg Lynch, an examining consultant. (Tr. 31). However, Lynch included among the mental restrictions a "moderately" limited ability to

maintain attention and concentration. (Tr. 468). This restriction was not presented to the vocational expert and the ALJ did not note any reason for this omission. Therefore, Lynch's report does not support the administrative decision.

Dr. Cletus Carvalho also evaluated Hensley's mental status. Dr. Carvalho diagnosed a major depressive disorder. (Tr. 225). Among the mental limitations reported by the doctor was a "fair" ability to sustain attention and persistence which was not presented to the vocational expert. (Id.). Thus, Dr. Carvalho also noted a mental limitation relating to concentration which was not presented to the vocational expert and, so, this opinion also does not provide support for the administrative decision.

Dr. James Chaney, a treating source, was the only other treating or examining source to identify specific mental restrictions. Dr. Chaney reported a number of very severe mental limitations on a Mental Impairment Questionnaire. (Tr. 357-360). The ALJ rejected the doctor's opinion, finding that it was internally inconsistent. (Tr. 30). Nevertheless, Dr. Chaney's report also does not provide support for the administrative decision. Furthermore, among the mental limitations identified was a "fair" ability to maintain attention and concentration for two hour time periods. (Tr. 357). Therefore, every treating or examining source identified a limitation on the claimant's ability to concentrate which was not found by the ALJ.

Psychologists Ann Demaree (Tr. 230) and Lea Perritt (Tr. 287), the non-examining medical reviewers, each opined that Hensley did not suffer from a

08-68  Brenda Hensley

"severe" mental impairment.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner has had the opportunity to see and comment upon the record.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  The reviewers saw the record in May and August of 2004 and, so, did not have the opportunity to see and comment upon the bulk of the medical evidence such as the report of Dr. J. Chaney from January of 2005 and that of Lynch from February, 2007.  Therefore, these reports also do not support the administrative decision and a remand of the action for further consideration is required.

With regard to the physical evidence of record, the court notes that Dr. J. Chaney identified the existence of extremely severe physical limitations.  (Tr. 351-353).  The ALJ noted a number of reasons why this opinion was rejected.  (Tr. 29). The ALJ relied primarily upon the opinion issued in March of 2007 by Dr. Mark Burns, an examining consultant.[1]  (Tr. 451-461).  However, the ALJ did reject Dr. Burns's restriction to no more than a total four hours of walking and, instead, opined that this could be done for six hours a day.  (Tr. 29-30).  This opinion would be consistent with those of Dr. David Swan (Tr. 227-229) and Dr. Jorge Baez-Garcia (Tr. 301-307), the non-examining medical reviewers, neither of whom the ALJ indicated putting much reliance upon.  (Tr. 29).  Furthermore, neither reviewer had the opportunity to see and comment upon a complete record and, so, reliance upon

---

[1] Dr. Burns also examined the plaintiff in February of 2005, at which time he found no limitations.  (Tr. 370-381).  The ALJ rejected this opinion.  (Tr. 29).

10

08-68  Brenda Hensley

these opinions is highly questionable.  Upon remand, the ALJ should at least obtain the opinion of a medical advisor on this issue.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  Therefore, the court must grant the plaintiff's motion in so far as such relief is achieved and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 6th day of February, 2009.

Signed By:

*G. Wix Unthank*

United States Senior Judge